Copies Mailed/Faxed 6/24/20
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

RAHIEM BOLDEN,
                        Defendant.
-----------------------------------------------------------x

**ORDER**

15 CR 466 (VB)

6/24/20

      In a letter dated June 9, 2020, defendant Rahiem Bolden asks the Court to "review" his case for two reasons: (i) the COVID-19 pandemic, for which he claims to be at "high risk"; and (ii) the Bureau of Prisons' "calculation" of his sentence.

      As to the first issue, the Court liberally construes defendant's letter to be a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That statute contains an explicit exhaustion requirement:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A).

      There is no indication in defendant's letter that he exhausted, or even attempted to exhaust, his administrative remedies under Section 3582 prior to filing the instant motion. The Court does not have the power to waive that requirement. See, e.g., United States v. Ogarro, 2020 WL 1876300, at *3–5 (S.D.N.Y. Apr. 14, 2020); United States v. Roberts, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

      Accordingly, the compassionate release motion is DENIED WITHOUT PREJUDICE. Defendant may re-file his compassionate release motion after he demonstrates that the exhaustion requirement has been satisfied.

      As to the second issue, defendant's letter provides no explanation for why the Court should "review" the BOP's "calculation" of his sentence. It is not clear the Court even has the power to review such calculation. Accordingly, that motion is also DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Rahiem Bolden
Reg. No. 72623-054
Forrest City Med FCI
P.O. Box 7000
Forrest City, AR 72336

Dated: June 24, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge