UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :     **ORDER**
v.                                :
                                  :     15 CR 466 (VB)
RAHIEM BOLDEN,                    :
                    Defendant.    :
--------------------------------------------------------x

Now pending is defendant Rahiem Bolden's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Bolden claims he contracted COVID-19 in prison and is at risk of contracting it again, for which he would face potentially life-threatening health complications.

For the following reasons, the motion is DENIED.[1]

First, Bolden's offense was extremely serious. Over a period of years, he purchased crack cocaine from different suppliers, then re-sold it to his regular customers (including other crack dealers) in and around Sullivan County, thereby directly contributing to the pain and suffering and social ills of that largely rural upstate community. Bolden pleaded guilty to participating in a conspiracy to sell crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), stipulating to distributing between 196 and 280 grams of crack. Before his involvement in the instant offense, he had accumulated numerous prior convictions, including two prior drug felonies, and had served multiple jail sentences. As a result, his applicable Guidelines range was 110-137 months' imprisonment.

---

[1] Bolden says he exhausted his administrative remedies prior to filing the motion, as required by the statute, although he does not provide any documentation to support that assertion. The government claims the Bureau of Prisons ("BOP") has not, in fact, received any compassionate release request from Bolden, and thus, the motion should be denied for failure to exhaust. The Court need not resolve this dispute because, as set forth herein, the motion is denied on the merits.

1

On July 19, 2016, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Bolden to ninety-six months' imprisonment.  The Court emphasized that Bolden had regularly sold crack cocaine over a two-year period, had a lengthy criminal record, and that his prior convictions and sentences had not deterred him from committing new crimes.  The Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Bolden has been detained since his arrest on July 28, 2015.  To date, he has served approximately sixty-six months of his ninety-six-month sentence, or about two-thirds of the sentence imposed.

Second, Bolden has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to and complications from the virus.  See 18 U.S.C. § 3582(c)(1)(A)(i).

Bolden is thirty-eight years old.  He is neither elderly nor infirm.  Prior to sentencing, he told the probation department he was in good health and did not have a history of health problems.  His prison medical records do not show otherwise.  In December 2020, he had an asymptomatic case of COVID-19 and has since recovered.  Since he has already had the disease, his risk of reinfection is extremely low.  See Centers for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Jan. 25, 2021).  Thus, a sentence reduction based on the risk of contracting the virus makes no sense.  See United States v. Hawkins, 2021 WL 40206, at *2

(E.D.N.Y. Jan. 5, 2021); United States v. Hardy, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020).

Bolden is currently participating in the BOP's Residential Drug Abuse Program ("RDAP"). But participation in or completion of RDAP, while laudable, is not an extraordinary and compelling reason warranting a compassionate release. The Court nonetheless encourages Bolden to complete the program, because that will make him less likely to recidivate in the future. In addition, if Bolden successfully completes RDAP, the BOP may reduce the period in which he remains in custody, pursuant to 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R §§ 550.53, 550.54, 550.55. But that is a determination for the BOP to make, and the Court expresses no opinion about the matter.

Finally, as required by Section 3582(c)(1)(A), the Court has considered the Section 3553(a) factors "to the extent that they are applicable." The serious nature of Bolden's offense and his lengthy criminal record warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by a third. Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense. To reduce the sentence by one-third in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law. And shortening Bolden's sentence would also undermine two other critical sentencing objectives in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Bolden's early releasee.

Accordingly, defendant Rahiem Bolden's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Rahiem Bolden, Reg. No. 72623-054
FCI Forrest City Medium
Federal Correctional Institution
P.O. Box 3000
Forrest City, AR  72336

Dated: January 25, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge